IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL TULLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-935-GPM |
| | ) |
| WAL-MART STORES, INC., and KENDRA | ) |
| CARPENTER BLOCK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the question of federal subject matter jurisdiction. *See Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiff Crystal Tullis brings this action against Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), and Kendra Carpenter Block, an assistant manager of a Wal-Mart store in Fairfield, Illinois, alleging that Block, at Wal-Mart's direction, terminated Tullis's employment by Wal-Mart at Wal-Mart's Fairfield store for filing a claim under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, in connection with an on-the-job injury. This case was filed originally in the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois, and has been removed to this Court by Wal-Mart, which alleges the existence of federal subject matter jurisdiction on the basis of diversity of citizenship.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case must be of completely diverse state citizenship – in other words, no plaintiff may be a citizen of the same state as any defendant – and an amount in excess of $75,000, exclusive of interest and costs, must be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Ursch v. Detailers & More, Inc.*, Civil No. 09-913-GPM, 2009 WL 3678254, at *1 (S.D. Ill. Nov. 3, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *2 (S.D. Ill. Sept. 17, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006). Here Wal-Mart asserts that the jurisdictional amount in controversy is satisfied because Tullis's complaint alleges that Wal-Mart and Block each have damaged Tullis in the amount of at least $250,000, and the Court accepts Tullis's estimation of the stakes in her case. *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *2 (S.D. Ill. Oct. 26, 2009). As to complete diversity of citizenship, Wal-Mart alleges that it is incorporated under Delaware law and has its principal place of business in Arkansas and thus is a citizen of those states for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Wal-Mart concedes that both Tullis and Block are Illinois citizens, but avers that Block has been fraudulently joined to defeat diversity jurisdiction because under Illinois law Block is not a proper party defendant to a claim for retaliatory discharge. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 (S.D. Ill. Sept. 29, 2009); *Thomas v. Guardsmark, Inc.*, No. 02 C 8848, 2003 WL 57028, at **1-2 (N.D. Ill. Jan. 7, 2003) (citing *Buckner v. Atlantic Plant Maint., Inc.*, 694 N.E.2d 565, 570 (Ill. 1998)).

The problem with Wal-Mart's removal of this case is that, as Wal-Mart admits in its removal papers, it does not know Tullis's state citizenship for diversity purposes. In support of its contention that Tullis is a citizen of Illinois, Wal-Mart proffers an affidavit by Block in which Block states that "[d]uring [Tullis's] employment [by Wal-Mart], . . . Tullis indicated that she resided in the State of Illinois" and that "[t]o my knowledge, . . . Tullis continues to reside in the State of Illinois." Doc. 2-4 ¶ 5. Of course, in determining Tullis's citizenship for diversity purposes, the Court is concerned not with the state where Tullis resided when this action was filed and when it was removed but with, it ought to go without saying, the state or states of which Tullis was a citizen at those times, meaning the state where she was domiciled, that is, physically present with an intent to remain there indefinitely. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). Also, the Court sees no reason to suppose that Block has any personal knowledge of the state or states where Tullis was domiciled when this action was filed and removed. Accordingly, the Court will remand this case to state court until such time as Wal-Mart receives, through service or otherwise, a copy of an amended pleading, motion, order, or other paper from which it can ascertain Tullis's state citizenship and thereby determine whether or not this case is removable in diversity jurisdiction. *See* 28 U.S.C. § 1446(b); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009); *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at **3-4 (S.D. Ill. July 2, 2007).

To conclude, pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois, for lack of federal subject matter jurisdiction.[1]

**IT IS SO ORDERED.**

DATED: November 9, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. The Court notes that, even if post-remand developments in state court establish that Tullis is a citizen of Illinois for diversity purposes, there are ways that Tullis could bar a second removal of this case based on alleged fraudulent joinder of Block. For example, Tullis could amend her complaint to allege against Block a tort that, unlike retaliatory discharge, involves a breach of a legal duty owed by Block to Tullis rather than to Wal-Mart, such as tortious interference with employment or intentional infliction of emotional distress. *See Buckner*, 694 N.E.2d at 569-70; *Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 866 (Ill. App. Ct. 2000); *Marczak v. Drexel Nat'l Bank*, 542 N.E.2d 787, 790 (Ill. App. Ct. 1989). On a second removal of this case, the Court would be constrained to review claims of tortious interference with employment or intentional infliction of emotional distress against Block under a very lenient standard. *See Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at *3 (S.D. Ill. Oct. 19, 2009) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009)); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 997-98 (S.D. Ill. 2007). Also, Tullis could amend her complaint to allege a civil conspiracy between Wal-Mart and Block. This conspiracy claim would be subject to challenge on the basis of the intracorporate immunity doctrine, *see Buckner*, 694 N.E.2d at 570-71, but the Court could not find fraudulent joinder on grounds of intracorporate immunity because the defense would be common to both a diverse Defendant (Wal-Mart) and a non-diverse Defendant (Block). *See Doles v. Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *4 (S.D. Ill. Oct. 19, 2009) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)). Also, allegations by Tullis that Block acted for personal motives rather than in pursuit of Wal-Mart's interests would take a civil conspiracy claim against Block and Wal-Mart out of the scope of intracorporate immunity. *See Jamaica Citizens Bank, Ltd. v. North Am. Special Risk Assocs., Inc.*, No. 96 C 4203, 1996 WL 648712, at *5 (N.D. Ill. Nov. 1, 1996) (applying Illinois law); *Bilut v. Northwestern Univ.*, 692 N.E.2d 1327, 1332-33 (Ill. App. Ct. 1998).